UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| THOMAS E. SMITH,<br><br>               Plaintiff,<br>    v.<br><br>STEVEN HARRINGTON, PhD, et al.,<br><br>              Defendants.<br>_____/ | No. C 12-03533 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF No. 6] |

## I. INTRODUCTION

Plaintiff Thomas Smith, initially proceeding *pro se*, filed a complaint against the Santa Rosa City School District and eight individuals related to it in some way (collectively, "Defendants"). Essentially, he alleges that Defendants violated both his and his minor daughter's civil rights and discriminated against his daughter because of her disability. Defendants move to dismiss Mr. Smith's First Amended Complaint ("FAC"). Motion to Dismiss, ECF No. 6 at 1-2.[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the October 18, 2012 hearing. Upon consideration of the papers submitted and the applicable law, the court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** Mr. Smith's complaint.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-03533 LB
ORDER

## II. BACKGROUND

As Mr. Smith's counsel concedes, the First Amended Complaint that Mr. Smith drafted is "not a model of pleading." Opposition, ECF No. 12 at 2. Indeed, the "scattershot" and "non-linear" allegations (Mr. Smith's counsel's words), *see* Opposition, ECF No. 12 at 5, make it difficult for the court to summarize Mr. Smith's allegations with confidence. Accordingly, the court quotes Mr. Smith's counsel's summary of them:

> Factually, this case is succinctly stated as follows: Plaintiff's daughter (A.S.) suffers from Tourette's Syndrome. [FAC, ECF No. 5, ¶ 61.] A.S. attended Proctor Terrace Elementary School during all relevant times. Plaintiff sought proper treatment for his daughter by defendants in their role as educators. [*Id*., ¶¶ 55, 56, 57.] Not only did defendants fail to respond properly to his repeated communications with them about egregiously bad conduct and conditions that his daughter had been subjected to at the hands of her classmates, they failed to provide AS with a proper education and further repeatedly failed to communicate and respond to Plaintiff in his efforts to raise these issues with them. [*Id*., ¶¶ 12-16, 51.]
>
> Understandably upset with the lack of a proper response to his concerns, on April 17, 2012, Plaintiff expressed his frustration and anger while present at the school in speaking with defendants. [*Id*., ¶ 77.] In a deliberately exaggerated and substantively unsupportable response, defendants attempted to obtain a temporary restraining order (TRO) against Plaintiff in California Superior Court alleging that he presented a risk of physical injury to them. After considering the evidence and argument presented by defendants in support of the requested TRO, a Superior Court rejected the arguments soundly. [*Id*., Ex. B.] When that effort failed, defendants went forum shopping and presented their request for a TRO to a second judge based upon the same set of allegations of Plaintiff's alleged misconduct on April 17, 2012. Once again, their request for a TRO, was denied. [*Id*., FAC, Ex. C.]
>
> Despite twice being advised that Plaintiff's behavior was not even incendiary enough to support a TRO, and in apparent retaliation, defendants using the same allegations that previously failed to result in a TRO, swore out statements against Plaintiff using their apparent authority as "mandated reporters" to falsely allege that he was subjecting A.S. to emotional abuse, in the form of creating undue anxiety. Based solely upon the alleged retaliatory and deliberately false allegations made by defendants, A.S. was removed by Child Protective Services from her father's home. [*Id*., ¶ 19.]
>
> Remarkably just 30 days prior to making said allegations that Plaintiff was an unfit parent, these same Defendants completed assessment documents related to A.S. which concluded that A.S. had a good support system at home and that there were no known problems in her home. At that time, and for quite some time prior, A.S. was living with Plaintiff in his sole custody. [*Id*., ¶ 20.]

Opposition, ECF No. 12 at 3-4.

Mr. Smith filed his original complaint on July 6, 2012. Complaint, ECF No. 1. Four days later, on July 10, 2012, he filed a First Amended Complaint, which contains the following nine claims: (1)

C 12-03533 LB
ORDER
2

"Due Process Violation of IDEA & 34 C.F.R. § 300.(9)(I)"; (2) disability harassment under § 2(b)(2)-5 of the Americans with Disabilities Amendments Act of 2008 and 42 U.S.C. § 12131, et seq.; (3) retaliation under § 504 of the Rehabilitation Act of 1973; (4) violation of due process under 42 U.S.C. § 1983; (5) failure to train or supervise in violation of 42 U.S.C. § 1983; (6) supervisory liability under 42 U.S.C. § 1983; (7) conspiracy under 42 U.S.C. § 1985(b); (8) "Color of Authority used for civil rights violations pursuant to 42 U.S.C. § 1983"; and (9) "Abandonment of Government Immunity by Federal Law Violations." FAC, ECF No. 5, ¶¶ 28-116. He seeks compensatory and punitive damages, interest, attorneys' fees, and costs. *Id*. at 27. He also seeks an injunction "against any party from inveigling false testimony from A.S." and a court order allowing attorney Carl Gonser to interview A.S. for purposes of determining if her interests are being adequately represented in the pending dependency matter. *Id*. at 28.

On July 30, 2012, Defendants filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Smith's First Amended Complaint for failure to state a claim for relief. Motion to Dismiss, ECF No. 6. After that, Mr. Smith hired an attorney and filed an opposition, Opposition, ECF No. 12, and Defendants filed a reply, Reply, ECF No. 16.

### III. LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

### IV. DISCUSSION

In their motion, Defendants make the following arguments: (1) the FAC does not provide them with "fair notice" of his claims and, thus, does not satisfy Rule 8; (2) the FAC must be dismissed because all of his claims are premised on a violation of the Individuals with Disabilities Education Act ("IDEA"), but he did not exhaust his administrative remedies before filing suit; and (3) the FAC must be dismissed because none of his claims are sufficiently pled. *See generally* Motion to Dismiss, ECF No. 6.

The court is persuaded by Defendants' first argument. "Although *pro se* pleadings are liberally construed . . . a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)." *Jackson v. Napolitano*, CV-09-1822-PHX-LOA, 2010 WL 94110 at *2 (D. Ariz. Jan. 5, 2010) (granting defendant's motion to dismiss pro se complaint for failure to state claim for disability discrimination) (internal citations omitted). It is true that Mr. Smith, as a then-*pro se* plaintiff, did a better-than-average job in drafting his First Amended Complaint. *See generally* FAC,

ECF No. 5. Still, the court agrees with Mr. Smith's counsel that the allegations are "scattershot" and "non-linear." *See* Opposition, ECF No. 12 at 5. His FAC does not contain "short and plain statement[s] of the claim[s] showing that [he] is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), which makes it difficult to understand the story he is trying to tell.

This confusion can be seen by looking at the moving papers, as counsel for both sides had to offer their own versions of what Mr. Smith may have been attempting to allege in his First Amended Complaint. The court quoted Mr. Smith's counsel's version above, *see* Opposition, ECF No. 12 at 3-4, and Defendants's counsel offered a similar, but far from identical, version in their motion, *see* Motion to Dismiss, ECF No. 6 at 3-4. That counsel—particularly Mr. Smith's counsel—had to do this suggests that the FAC does not meet the requirements of Rule 8. *See Murray v. Sevier*, 149 F.R.D. 638, 640 (D. Kan. 1993) ("When the drafter of the complaint is reduced to defending it by 'what I meant to say' explanations coupled with complicated legal arguments, the complaint does not meet the definition of a 'plain statement.'"). Of course, parties opposite each other in litigation often will have different versions of the relevant facts of a case, but here the parties have different versions of the allegations, and even Mr. Smith's counsel concedes that the court and the parties "would be well-served to have a more coherent statement of the case" put into the record, Opposition, ECF No. 12 at 2.

The lack of clear allegations also could present challenges down the road. In *McHenry v. Renne*, the Ninth Circuit recognized the attendant dangers of allowing an incoherent complaint to stand. 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming, grant of motion to dismiss pursuant to Rule 8 and Rule 12(e)). In that case, plaintiffs filed a lengthy complaint that contained several irrelevant allegations, political gripes, and failed to provide defendants with notice as to the actions they allegedly undertook that violated plaintiff's civil rights. In reviewing the complaint, the appellate panel explained: "Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial

1  which they reasonably did not understand to be in the case at all, and that res judicata effects of
2  settlement or judgment will be different from what they reasonably expected." *Id*. It went onto note
3  that confusing complaints also can lead to discovery disputes and lengthy trials, prejudicing litigants
4  and others who follow the rules. *Id*. at 1180. The court recognizes, of course, that Mr. Smith's First
5  Amended Complaint is not nearly as insufficient as the one at issue in *McHenry*, but the risks
6  mentioned by the Ninth Circuit are nonetheless relevant where, as here, the parties and the court
7  cannot even agree on what Mr. Smith has alleged.

8  For this reason alone, the court will grant Defendants' motion to dismiss. When the allegations
9  themselves are so unclear as to warrant dismissal for failing to meet Rule 8's requirement, the court
10 does not believe it is appropriate to consider and rule on Defendants' other arguments, which
11 necessary rely upon the clarity of those allegations. Plus, now that Mr. Smith has retained counsel,
12 the court is hopeful that many of the problems described by Defendants will be resolved in a Second
13 Amended Complaint. Should these problems still be present in it, the court will address them upon
14 the filing of a subsequent motion to dismiss.

## V. CONCLUSION

16 Based on the foregoing, the court **GRANTS** Defendants' motion and **DISMISSES WITHOUT**
17 **PREJUDICE** Mr. Smith's complaint. Mr. Smith may file a Second Amended Complaint within 21
18 days from the date of this order.

19 **IT IS SO ORDERED.**

20 Dated: October 10, 2012

21 _____
   LAUREL BEELER
   United States Magistrate Judge