1
2
3
4
5
6
7
8          UNITED STATES  DISTRICT COURT

9          Northern District of California

10                San Francisco Division

11   THOMAS E. SMITH,                          No. C 12-03533 LB

12              Plaintiff,                      **ORDER (1) REGARDING
                                                DEFENDANTS' OBJECTIONS TO
13        v.                                    PLAINTIFF'S EVIDENCE IN
                                                OPPOSITION TO DEFENDANTS'
14   STEVEN HARRINGTON, PhD, et al.,            MOTION FOR SUMMARY
                                                JUDGMENT AND (2) CONTINUING
15              Defendants.                     THE MOTION HEARING**

16   _____/          [Re: ECF No. 96]

17        In support of his opposition to Defendants' motion for summary judgment, Plaintiff Thomas

18   Smith filed three declarations: (1) the declaration of Plaintiff Thomas Smith (ECF No. 94-5[1]); (2) the

19   declaration of Kathleen Smith (ECF No. 94-3), who purportedly represented Mr. Smith during the

20   dependency proceedings concerning his daughter; and (3) the declaration of Thomas Moore (ECF

21   No. 94-4), Mr. Smith's attorney in this action.  Defendants object to the court considering the

22   declaration of Kathleen Smith and some of the documents (including the expert report of Renee

23   Lamborn) that are attached to the declaration of Mr. Moore.  The court discusses Defendants'

24   objections in turn below.

25
26
27   _____

28        [1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations
     are to the ECF-generated page numbers at the top of the documents.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

# I.  THE COURT WILL ALLOW MR. SMITH TO TRY TO PROPERLY AUTHENTICATE THE EXHIBITS ATTACHED TO THE DECLARATION OF THOMAS MOORE

Defendants first object to the admissibility of some of the exhibits that are attached to the declaration of Thomas Moore.  (Reply, ECF No. 96 at 5.)  In the first paragraph of the declaration, Mr. Moore declares that if called as a witness he "could and would competently testify to the following facts based upon my personal knowledge."  (Moore Decl., ¶ 1, ECF No. 94-4 at 2.)  In the subsequent paragraphs, however, he does not testify to any substantive facts relevant to this case.  Instead, he states that each of the 38 exhibits that are attached to his declaration (Exs. O - ZZ) are "true and correct" copies of those exhibits.  Many of the exhibits appear to be email communications among Defendants or documents produced by or sent to Defendants.  These are the exhibits (Exs. O through QQ) to which Defendants object.[2]

The Ninth Circuit has explained the authentication requirements at the summary judgment stage:

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment.  *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).  Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a).  We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment.  *See Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550–51 (9th Cir. 1990); *Beyene*, 854 F.2d at 1182; *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976).
>
> In a summary judgment motion, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."  *Canada*, 831 F.2d at 925 (citation omitted).  However, a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902.  *See* Fed. R. Evid. 901(b)(providing ten approaches to authentication); Fed. R. Evid. 902 (self-authenticating documents need no extrinsic foundation).

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773-74 (9th Cir. 2002) (footnotes omitted); *see Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532-33 (9th Cir. 2011) (following *Orr*).

---

[2] Documents that appear to be Defendants' discovery responses and several deposition transcripts also are attached to the declaration of Thomas Moore, but Defendants do not challenge the authenticity of these documents..

2

**UNITED STATES DISTRICT COURT**
For the Northern District of California

Mr. Moore's declaration does not meet these requirements.  "'A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so.'"  *Orr*, 285 F.3d at 774 n.8 (quoting 31 Wright & Gold, Federal Practice & Procedure: Evidence § 7106, 43 (2000)).  Even though Mr. Moore attempts to authenticate the exhibits under Federal Rule of Evidence 901(b)(1) based on his personal knowledge, it does not appear that any of the exhibits are ones that he wrote, signed, used, or saw others write, sign, or use.  For example, he did not write or receive any of the emails that are attached as exhibits; in most instances, Defendants or other school personnel did.  When this is the case, a declaration stating that the exhibits are true and correct copies does not properly authenticate the exhibits.  *See id.* at 777 ("The memo identifies both the author [Geerhart] and recipient and contains a signature next to their names.  However, it lacks foundation because Orr has failed to submit an affidavit from Geerhart stating that he wrote the memo.  Mirch's affidavit does not lay a foundation for Exhibit C.  Mirch neither wrote the memo nor witnessed Geerhart do so, and he is not familiar with Geerhart's signature.") (citations omitted); *see also* Cal. Prac. Guide: Fed. Civ. P. before Trial § 14:170.5 (The Rutter Group 2014) ("Documents obtained in discovery may not be considered unless authenticated by appropriate affidavit or declaration: '[D]ocuments do not automatically become a part of the record simply because they are the products of discovery.'") (quoting *Hoffman v. Applicators Sales & Serv., Inc.*, 439 F.3d 9, 15 (1st Cir. 2006); id. at § 14:181.7).

The question, then, is what to do about this problem.  The court's review of opinions from this Circuit suggests that, although it does not have to, *see Hunt v. Turner*, 4 Fed. Appx. 434, 435 (9th Cir. 2001), the court may in its discretion allow Mr. Smith an opportunity to properly authenticate Exhibits O through QQ.  *See Semaan v. IGT*, 126 Fed. Appx. 794, 795-96 (9th Cir. 2005) (noting that the defendant cured its initial failure to verify exhibits in support of its summary judgment motion and ruling that the district court's consideration of the exhibits did not constitute prejudicial error); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1551 (9th Cir. 1989) (finding a district's court's consideration of an improperly authenticated document to be harmless where the document was later properly authenticated by a declaration submitted with a motion for reconsideration); *cf. Carson Harbor Village, Ltd. v. County of Los Angeles*, 433 F.3d 1260, 1263 n.3

UNITED STATES DISTRICT COURT
For the Northern District of California

(9th Cir. 2006) ("The district court was not required to consider the late-submitted declarations and it did not abuse its discretion by refusing to do so."); *Saroyan Lumber Co., Inc. v. El & El Prods. Corp.*, 8 Fed. Appx. 832, 833-34 (9th Cir. 2001) ("district court did not abuse its discretion by denying Saroyan's [Rule] 56(f) request for a continuance" of the discovery deadline to allow it "to obtain a declaration that would authenticate its evidence, rendering it admissible").  At least one court in this district has allowed a party opposing summary judgment to file supplementary declarations to properly authenticate evidence.  *See Memry Corp. v. Kentucky Oil Tech.*, N.V., No. C-04-03843 RMW, 2006 WL 3734384 at *5-6 (N.D. Cal. Dec. 18, 2006) ("The court recognizes that KOT's evidentiary insufficiency is a somewhat technical one and to allow summary judgment because of it seems unduly harsh.  Therefore, the court will give KOT until January 10, 2007 to cure the deficiency.  STC and Memry can object to any supplementation within five days after any supplementation by KOT.  Absent an adequate cure, summary judgment will be entered on the third counterclaim for trade secret misappropriation.").

The court believes that exercising its discretion to allow Mr. Smith an opportunity to properly authenticate the exhibits that are attached to Mr. Moore's declaration is the right course of action, especially when it is likely that the exhibits could be properly authenticated.  *See Orr*, 285 F.3d at 774 ("[A] proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902.") (citing Fed. R. Evid. 901(b) (providing ten approaches to authentication); Fed. R. Evid. 902 (self-authenticating documents need no extrinsic foundation)); *cf. id.* at 777 (discovery documents could not "be authenticated by way of production in discovery because Mirch has not identified who produced them, and BOA has not admitted to having produced them") (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) ("Whittaker's witnesses acknowledged that Underwood was a senior employee of the design department, and Whittaker produced the Underwood notes during discovery.  The district court did not err in accepting these facts as adequate authentication, particularly since Whittaker has never claimed that the notes were not Underwood's."); 31 Federal Practice & Procedure: Evidence §

4

1    7105, at 39 ("Authentication can also be accomplished through judicial admissions such as . . .

2    production of items in response to . . . [a] discovery request.")).

3         Accordingly, the court will allow Mr. Smith until February 13, 2015 to try to properly

4    authenticate Exhibits O through QQ to Mr. Moore's declaration.  The court makes clear, though, that

5    this is not an opportunity to submit any new exhibits that were not attached to Mr. Moore's

6    declaration.  Defendants shall have until February 17, 2015 to object (if they so choose) to Mr.

7    Smith's attempt at proper authentication.  The court also encourages the parties to meet and confer

8    to reach a stipulation regarding the authenticity of documents that are capable of easy authentication.

9    **II.  THE COURT WILL NOT CONSIDER THE DECLARATION OF KATHLEEN SMITH**

10        Defendants also object to the declaration of Kathleen Smith.  (Reply, ECF No. 96 at 6.)  They

11   say that her declaration, in which she discusses what happened during the dependency proceedings

12   and explains the juvenile dependency process under California law, reads at times like an expert

13   declaration and at other times like a declaration of a percipient witness.  Defendants argue that,

14   under either interpretation, the declaration should be excluded because Mr. Smith never disclosed

15   Kathleen Smith in his initial disclosures as an individual likely to have discoverable information that

16   he was going to use to support his claims or defenses, *see* Supp. Widen Decl., Ex. VV (Ms. Smith's

17   initial disclosures), ECF No. 96-1 at 13-21, and also never disclosed her as an expert witness, *see id.*,

18   Ex. TT (Mr. Smith's expert disclosure) & Ex. UU (Mr. Smith's supplemental expert disclosure),

19   ECF No. 96-1 at 4-6, 8-11.  *See also* Fed. R. Civ. P. 26(a)(1)(A)(i), (a)(1)(2)(A), (e).[3]  The deadline

20   for disclosing experts was August 22, 2014, and the deadline for disclosing rebuttal experts was

21   September 12, 2014.  (8/11/2014 Order, ECF No. 70 at 3.)

22        "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

23   party is not allowed to use that information or witness to supply evidence on a motion, at a hearing,

24   or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

25   Defendants argue that Mr. Smith's failure to identify Kathleen Smith was not substantially justified

26

27 ────────────────

28        [3] Disclosure under Rule 26 is not required if the witness would be used solely for
     impeachment, *see* Fed. R. Civ. P. 26(a)(1)(A)(i), but Kathleen Smith's testimony is not used in this
     way.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

5

because Mr. Smith, who uses the declaration to oppose Defendants' argument that Mr. Smith should be precluded from challenging the findings of the juvenile court, should have known that issue preclusion would be an issue in this case. After all, Defendants note that they asserted issue preclusion as an affirmative defense in their answer on April 29, 2013. (*See* Answer, ECF No. 33 at 10 (Eleventh Affirmative Defense).) And Defendants' argue that the failure was not harmless because Defendants did not have an opportunity to depose Kathleen Smith about either her expert qualifications (to the extent that her testimony is that of an expert) or her statements regarding what occurred during the juvenile proceedings (to the extent that her testimony is that of a percipient witness), and they cannot depose her now that fact discovery has closed and they already filed their summary judgment motion.

The court agrees with Defendants that Mr. Smith's failure to disclose Kathleen Smith as a potential percipient or expert witness was not substantially justified or harmless at this stage in the litigation, with summary judgment briefing filed and trial not far off. Accordingly, under Rule 37(c), the court will not consider the declaration of Kathleen Smith when ruling on Defendants' summary judgment motion. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (affirming the district court's exclusion of an expert witness who was not timely disclosed and noting that "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)"); *see also* Fed. R. Civ. P. 37 advisory committee's note (1993) ("automatic" sanctions under Rule 37(c) are "self-executing" and "provide[] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56"). That being said, the reality is that much of the information in the declaration of Kathleen Smith is similar to legal argument, and to the extent that Mr. Smith makes legal arguments, the court can consider them. Moreover, the declaration has only a modest amount of percipient witness testimony about who was a party in the dependency proceedings, a fact that is certainly available as a matter of public record. The point is that although the court will not consider the declaration, its utility was modest.

UNITED STATES DISTRICT COURT
For the Northern District of California

### III. THE COURT WILL NOT CONSIDER THE EXPERT REPORT OF RENEE LAMBORN

Finally, Defendants object to Mr. Smith's use of the September 29, 2014 expert report of Renee Lamborn.  (Reply, ECF No. 96 at 7-8.)  Defendants say that Mr. Smith disclosed Ms. Lamborn only as a rebuttal expert, and Defendants point out that they have not submitted any expert testimony for her to rebut.  Thus, Defendants argue that her report, which is attached as Exhibit SS to Mr. Moore's declaration, should be excluded.[4]  The court agrees.

While Mr. Smith did not explicitly disclose Ms. Lamborn as a "rebuttal" expert, this fact can be inferred from the timing of his disclosures.  In his initial expert disclosure that is dated August 8, 2014 and which was timely served, Mr. Smith designated only Stan Smith as an expert.  (See Supp. Widen Decl., Ex. TT (Mr. Smith's expert disclosure), ECF No. 96-1 at 4-6.)  It was only in his September 12, 2014 "supplemental" expert disclosure that he disclosed Ms. Lamborn as an "expert." (See id., Ex. UU (Mr. Smith's supplemental expert disclosure), ECF No. 96-1 at 8-11.)  September

---

[4] Defendants also argue that Ms. Lamborn's expert report is hearsay because it is unsworn. This is true.  See Pack v. Damon Corp., 434 F.3d 810, 815 (6th Cir. 2006) ("[T]he Bukowski Report is unsworn and thus is hearsay, which may not be considered on a motion for summary judgment.") (citing Sutherland v. Mich. Dep't of Treasury, 344 F.3d 603, 619-20 (6th Cir. 2003)); Smith v. City of Oakland, No. C-05-4045 EMC, 2007 WL 2288328, at *4 (N.D. Cal. Aug. 9, 2007) ("The Court agrees with Defendants that the report should be stricken because it is hearsay.  Although the report was signed by Mr. Clark and attached to a declaration of Plaintiffs' counsel (see Benjamin Nisenbaum Decl)., the report was not sworn to by Mr. Clark.") (citing Wittmer v. Peters, 87 F.3d 916, 917 (7th Cir. 1996) (noting that unsworn expert reports are not admissible under Rule 56(e) to support or oppose summary judgment); Fowle v. C & C Cola, 868 F.2d 59, 67 (3d Cir. 1989) (stating that "[t]he substance of this report was not sworn to by the alleged expert" and so "the purported expert's report is not competent to be considered on a motion for summary judgment"); 11-56 Moore's Fed. Prac.-Civ. § 56.14 ("Unsworn expert reports prepared in compliance with Rule 26(a)(2) do not qualify as affidavits or otherwise admissible evidence for purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.")).  Such a deficiency, though, could be fixed.  See Volterra Semiconductor Corp. v. Primarion, Inc., 796 F. Supp. 2d 1025, 1039 (N.D. Cal. 2011) ("Second, even assuming Defendants were correct, Volterra has now remedied any deficiency by providing a sworn declaration by Dr. Szepesi with all of the challenged reports attached.") (citing Maytag Corp. v. Electrolux Home Products, Inc., 448 F. Supp. 2d 1034, 1064 (N.D. Iowa 2006) (holding that "subsequent verification or reaffirmation of an unsworn expert's report, either by affidavit or deposition, allows the court to consider the unsworn expert's report on a motion for summary judgment").  In any case, it does not matter because the court will not consider the report for the reasons explained in this order.

UNITED STATES DISTRICT COURT
For the Northern District of California

12, 2014 was after the August 22, 2014 deadline for the disclosure of experts but on the deadline for the disclosure of rebuttal experts. This timing means that Ms. Lamborn could only have been timely disclosed as a rebuttal expert, as he missed the deadline for disclosing her as an expert who will present testimony on direct examination. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *see* Cal. Prac. Guide: Fed. Civ. P. before Trial § 11:368 (The Rutter Group 2015) ("Disclosure is not limited to experts who will be called on direct examination. Those who may be called to *rebut* or *impeach* opposing experts must also be identified: Experts who will be called *solely* for *rebuttal* purposes may be identified within 30 days after the opposing party's disclosures.") (citing Fed. R. Civ. 26(a)(2)(D)(ii)) (emphasis in original). Thus, her testimony is limited to the rebuttal or contradiction of Defendants' expert's testimony. *See Withrow v. Spears*, 967 F.Supp.2d 982, 1001 (D. Del. 2013) ("A rebuttal or reply expert report is proper if the intent of the report is "solely to contradict or rebut evidence on the same subject matter identified by the opposing party's expert report." Such rebuttal and reply reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." ) (quoting *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013) (internal quotation marks and citations omitted); *Hans v. Tharaldson*, Civil No. 3:05–cv–115, 2011 WL 6937598, at *10 (D.N.D. 2011) ("Experts are typically allowed to introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert; however, a rebuttal report should not extend beyond the scope of the other party's expert reports.").

The problem is that Defendants present no expert testimony is support of their summary judgment motion. Mr. Smith instead uses Ms. Lamborn's report to show her opinion that Defendants Stephen Mayer and Kim Craven lied to Child Protective Services. (*See* Opposition, ECF No. 95 at 17.) This is not a permissible use of a rebuttal expert report under Rule 26(a)(2)(D)(ii). The court will not consider Ms. Lamborn's rebuttal expert report when ruling on Defendants' summary judgment motion. *See Haskins v. First Am. Title Ins. Co.*, Civil No. 10–5044 (RMB/JS), 2013 WL 5410531, at *1, 6 (D.N.J. Sept. 26, 2013) (striking plaintiffs' supplemental expert report because it asserted did not properly rebut defendant's expert report).

UNITED STATES DISTRICT COURT
For the Northern District of California

1    To the extent that the court could consider Ms. Lamborn as an untimely disclosed expert for

2    purposes of direct testimony, the court also finds that Mr. Smith's failure to timely identify her is not

3    substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1).  It is not substantially justified

4    because Mr. Smith's entire case is based upon his allegation that Defendants purposefully overstated

5    to Child Protective Services the potential harm he posed to his daughter, so he had plenty of time to

6    find and disclose an expert to opine on this subject.  And it is not harmless because Defendants have

7    not had an opportunity to depose Ms. Lamborn about her expert qualifications, and it is too late to

8    depose her now.  The court thus will not consider her report for that reason as well.

9    Moreover, to the extent that Ms. Lamborn's opinion can be considered argument about what a

10   properly authenticated evidentiary record might show, the court can consider it as Mr. Smith's

11   argument (to the extent he argues that it in opposition).  Again, the court does not consider the

12   declaration, but makes this point to show that the utility of Ms. Lamborn's report was modest.

## IV. THE COURT CONTINUES THE HEARING ON DEFENDANTS' MOTION TO MARCH 5, 2015

15   In light of the court allowing Mr. Smith an additional opportunity to properly authenticate the

16   documents that are attached to Mr. Moore's declaration, and the deadlines the court has set in that

17   regard, the court continues the hearing on Defendants' motion for summary judgment from February

18   12, 2015 to March 5, 2015 at 9:30 a.m.

19   **IT IS SO ORDERED.**

20   Dated: February 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge

9