UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| THOMAS E. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN HARRINGTON, PhD, et al.,<br><br>    Defendants.<br>_____/ | No. C 12-03533 LB<br><br>**SECOND ORDER REGARDING DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF Nos. 100, 101] |

    In support of his opposition to Defendants' motion for summary judgment, Plaintiff Thomas Smith filed three declarations: (1) the declaration of Plaintiff Thomas Smith (ECF No. 94-5[1]); (2) the declaration of Kathleen Smith (ECF No. 94-3), who purportedly represented Mr. Smith during the dependency proceedings concerning his daughter; and (3) the declaration of Thomas Moore (ECF No. 94-4), Mr. Smith's attorney in this action. Defendants objected to the court considering the declaration of Kathleen Smith and Exhibits O through QQ (which includes the expert report of Renee Lamborn) to the declaration of Mr. Moore. On February 9, 2015, the court sustained Defendants' objections to the declaration of Kathleen Smith and the expert report of Ms. Lamborn and ruled that it will not consider those documents when ruling on Defendants' summary judgment motion. As for Exhibits O through QQ (excluding the expert report of Ms. Lamborn) to Mr.

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Moore's declaration, the court agreed with Defendants' arguments that the exhibits were not properly authenticated and allowed Mr. Smith additional time to do so.

## I. EXHIBITS R, V, W, X, Y, Z, AA, DD, EE, FF, GG, II, JJ, LL, MM, NN, AND OO

On February 13, 2015, the parties stipulated to the authenticity of seventeen of the disputed exhibits (Exs. R, V, W, X, Y, Z, AA, DD, EE, FF, GG, II, JJ, LL, MM, NN, and OO) for purposes of Defendants' summary judgment motion. (Stipulation, ECF No. 100.) This means that Defendants still object to twelve exhibits. Mr. Smith and Mr. Moore both filed supplemental declarations in an attempt to properly authenticate those twelve exhibits, and Defendants again objected. (*See* Supp. Moore Decl., ECF No. 98; Supp. Smith Decl., ECF No. 99; Second Objection, ECF No. 101; Second Supp. Widen Decl., ECF No. 101-1.)

## II. EXHIBITS Q, S, BB, AND CC

Four of the twelve remaining exhibits (Exs. Q, S, BB, and CC) already have been authenticated. Mr. Moore declares that Exhibit Q is the same document that Defendants provided and authenticated as Exhibit GG to Ms. Widen's first declaration, so he will withdraw Exhibit Q and rely on Exhibit GG. (*Compare* Moore Decl., Ex. Q, ECF No. 94-4 *with* Widen Decl., Ex. GG, ECF No. 84-3). And Defendants say that Exhibits S and BB are the same documents that Defendants provided and authenticated as Exhibits M and Q to Steven Eichman's declaration, and that Exhibit CC is the same document that Defendants provided and authenticated as Exhibit FF to Ms. Widen's first declaration. (*Compare* Moore Decl., Exs. S, BB, CC, ECF No. 94-4 *with* Eichman Decl., Exs. M, Q, ECF No. 84-2 and Widen Decl., Ex. FF, ECF No. 84-3.) As Defendants have already authenticated these four documents, and the parties do not appear to dispute that they are the same, the court may consider them, regardless of which parties relies upon them. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 776 (9th Cir. 2002) ("We now hold that when a document has been authenticated by a party, the requirement of authenticity is satisfied as to that document with regards to all parties, subject to the right of any party to present evidence to the ultimate fact-finder disputing its authenticity.").

## III. EXHIBITS O, P, T, U, HH, KK, AND PP

Mr. Moore attempts to authenticate seven other exhibits (Exs. O, P, T, U, HH, KK, and PP)

1  under Federal Rule of Evidence 901(b)(4).  *See* Fed. R. Evid. 901(b)(4) (authenticity may be
2  satisfied by the "appearance, contents, substance, internal patterns, or other distinctive
3  characteristics of the item, taken together with all the circumstances"); *Orr*, 285 F.3d at 777 n.24
4  (under Federal Rule of Evidence 901(b)(4) "documents attached to an exhibit list in a summary
5  judgment motion could be authenticated by review of their contents if they appear to be sufficiently
6  genuine"); *see also United States v. One 56-Foot Motor Yacht Named Tahuna*, 702 F.2d 1276,
7  1284-85 (9th Cir. 1983) (authenticating a diary under Rule 901(b)(4) by reviewing and noting its
8  distinctive contents); *Alexander Dawson, Inc. v. NLRB*, 586 F.2d 1300, 1302 (9th Cir. 1978) (per
9  curiam) ("[t]he content of a document, when considered with the circumstances surrounding its
10 discovery, is an adequate basis for [its authentication]").

11 Upon consideration of Rule 901(b)(4) and the parties' arguments, the court finds that Exhibits O,
12 P, T, U, HH, KK, and PP have been sufficiently authenticated.  The documents identified as Exhibit
13 O (Wright Elementary School District Speech & Language Screening Reports dated March 5, 2010
14 and October 13, 2010) were produced by Defendants in discovery, and Mr. Smith declares that he
15 received them from A.S.'s prior school (Wright Elementary) and gave them to A.S.'s new school
16 (Proctor Terrace Elementary).  The documents also feature Wright Elementary's letterhead.  Exhibit
17 P (an email chain containing an email from Kim Craven to Nancy Koski, Stephen Mayer, and David
18 Henneman and an email from Stephen Mayer to an unidentified "Nancy"), which was produced in
19 discovery by Defendants, contains an email sent by Stephen Mayer from his Santa Rosa City
20 Schools email address that features a distinctive Proctor Terrace Elementary signature block.
21 Exhibit T (a medical record from A.S.'s treating physician, Dr. Hamann, dated February 29, 2012)
22 features Dr. Hamann's signature and the letterhead of his medical practice group.  Mr. Smith also
23 declares that he obtained this record from Dr. Hamann and delivered it to the Special Services Office
24 of Santa Rosa City School District on March 2, 2012.  As for Exhibit U (an email from Mr. Smith to
25 Nancy Koski), Mr. Smith declares that he wrote and sent the email, and Defendants produced it in
26 discovery.  It also features Ms. Koski's Santa Rosa City Schools email address.  Exhibit HH (Mr.
27 Mayer's handwritten notes from telephone calls) was produced in discovery by Defendants, and Mr.
28 Mayer confirmed during his deposition that they are in fact his notes.  Exhibit PP (a letter from

Debra Sanders to Mr. Smith dated May 29, 2012) features the Santa Rosa City Schools letterhead, and Mr. Smith declares that the letter was sent to him after he met with Ms. Sanders regarding his daughter and that Ms. Sanders told him that she would send him the information that is contained in the letter.

Defendants point out that some of the documents do not appear to be complete, but they cite no authority for the proposition that this means that incomplete documents cannot be deemed authentic. They also point out that while they produced five of these documents (Exhibits O, P, U, HH, and KK) to Ms. Smith in discovery, they did not produce them as what Mr. Smith says they are. Instead, they produced them simply as communications relating to A.S. or Mr. Smith. Nevertheless, the court may still take into account the context surrounding the production of the documents and the contents of the documents when determining whether the documents have been sufficiently authenticated under Rule 901(b)(4).

Defendants also argue that Exhibit T (the medical record from A.S.'s treating physician, Dr. Hamann, dated February 29, 2012) is hearsay. This record, however, likely could be supported with a declaration from Dr. Hamann making clear that the record is a statement made for medical diagnosis or treatment, *see* Fed. R. Evid. 803(4), or with a custodial declaration making clear that the record is a record of a regularly conducted activity, *see* Fed. R. Evid. 803(6). Mr. Smith may attempt to do so by presenting such a declaration or declarations at the hearing on Defendants' summary judgment motion.

Defendants further argue that the court should not consider Exhibit PP because Mr. Smith did not previously produce it in his initial disclosures or in response to Defendants' request for production of documents. Defendants, however, fail to show that the document was responsive to any of their document requests or that Mr. Smith did not describe in his initial disclosures a category of documents in which Exhibit PP falls. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring a party to include in its initial disclosures "a copy—<u>or a description by category and location</u>—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment") (emphasis added).

4

### IV. EXHIBIT QQ

The final exhibit is Exhibit QQ. Mr. Moore declares that it is a certified transcript of the video/audio testimony of George Valenzuela to the Santa Rosa City School Board on December 12, 2012. He attempts to authenticate it under Federal Rule of Evidence 901(b)(4) and also Rule 901(b)(5). *See* Fed. R. Evid. 901(b)(4) (authenticity may be satisfied by the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances"); 901(b)(5) (authenticity may be shown through "[a]n opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker"). Mr. Smith declares that upon learning that meetings of the Santa Rosa School Board are recorded, he requested a copy of the video/audio recording of the December 12, 2012 board meeting from the company that records the meetings, C Media. He received a copy of the recording from C Media, and watched it. Based on his prior face-to-face meetings with Mr. Valenzuela and attending his deposition, Mr. Smith declares that the person in the video in fact is Mr. Valenzuela. Mr. Moore also declares that, based on having deposed Mr. Valenzuela, the person in the video in fact is Mr. Valenzuela. Mr. Smith also declares that he had the audio from the video transcribed by a certified court reporter.

Defendants make a number of arguments, none of which succeed. As to the transcript's authenticity, Defendants argue that Mr. Smith has not shown that C Media made a reliable recording of the board meeting. They say that Mr. Smith did not obtain the recording through a subpoena and did not submit the testimony or evidence from the custodian or records for C Media establishing the manner or accuracy of the recording. The court is not persuaded. The court believes that Mr. Smith's and Mr. Moore's declarations sufficiently establish the authenticity of the recording and transcript and that it is in fact Mr. Valenzuela who spoke. Through the recording, Mr. Smith and Mr. Moore not only could hear what Mr. Valenzuela said, they could see him say it.

Defendants also argue that the court should not consider the transcript because Mr. Smith did not produce the video or the transcript in his initial disclosures or in response to Defendants' request for production of documents. Once again, however, Defendants, fail to show that the document was

responsive to any of their document requests or that Mr. Smith did not describe in his initial disclosures a category of documents in which the video or transcript falls.

Defendants further argue that any statements made by Mr. Valenzuela are hearsay. Mr. Valenzuela is a Defendant to this action, however, and his statements are offered against him. It is not hearsay. *See* Fed. Evid. Code § 801(d)(2).

Finally, Defendants argue that the court should not consider the transcript because it would violate the "best evidence rule." *See* Fed. R. Civ. 1002. That rule provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Here, Mr. Smith seeks to prove the content of the recording made of the board meeting. The recording, therefore, is the best evidence of its own content. *See United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996). Mr. Moore, however, declares that he can provide a copy of the actual recording if asked. The court will allow him to do so at the hearing on Defendants' summary judgment motion.

**IT IS SO ORDERED.**

Dated: March 11, 2015

_____
LAUREL BEELER
United States Magistrate Judge